UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DARREN N.[1], | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CIVIL NO. 2:22cv179 ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) |
|     Defendant. | ) ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Benefits under the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings."  *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law."  *Garfield*, supra at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since November 22, 2019, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: autism disorder; and attention deficit/hyperactivity disorder (ADHD) (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that

        meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can maintain adequate attention/concentration for said tasks. The claimant can interact appropriately with supervisors. The claimant can have occasional and brief interaction with coworkers. The claimant can have no direct work related contact with the general public. The claimant would work best independently of others or in smaller teams of 3-4 people. The claimant is limited to no fast-paced production or quota, meaning no tandem work assignments, machine regulated work or hourly production quota. The claimant can manage changes in a simple work environment.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on September 25, 2000 and was 19 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 22, 2019, the date the application was filed (20 CFR 416.920(g)).

(Tr. 40-45).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on March 24, 2023. On July 24, 2023 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's

3

decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the evidence shows that he meets the listings for Autism Spectrum Disorder (Listing 12.10) and Neurodevelopmental Disorder (Listing 12.11). The issue in both Listings is whether Plaintiff has at least one "extreme" limitation or two "marked" limitations in broad areas of functioning. The ALJ evaluated each area separately. With respect to understanding, remembering or applying information, the ALJ found that Plaintiff has a moderate limitation. The ALJ noted that Plaintiff was diagnosed with Autism Spectrum Disorder in high school, where he received special education and had an IEP, which allowed more time for test taking, quiet time as needed during bouts of agitation, and the use of a calculator. The ALJ also noted however, that much of Plaintiff's time was spent in general education classrooms and that he

was able to graduate with a regular diploma. Additionally, the consultative mental status examiner indicated that Plaintiff did not suffer from any significant deficits in his cognitive functioning.

Plaintiff argues that other evidence in the record shows that he is more limited that the ALJ found, pointing to failed ISTEP+ exams, yelling in the classroom, difficulty interpreting facial expressions and body language, loses focus easily, and so on. However, Plaintiff is asking this court to re-weigh the evidence, which is not permitted. In any event, although it seems clear that, as the ALJ found, Plaintiff has moderate limitations in the area of understanding, remembering and applying information, it is not clear that Plaintiff has "marked" or "extreme" limitations. Thus remand is not warranted on this point.

The next area of functioning analyzed by the ALJ was "interacting with others". The ALJ found that Plaintiff has a mild limitation in this area. The ALJ acknowledged that Plaintiff had limited social activities, did not leave home, and did not have in-person interactions with people outside his immediate family. However, Plaintiff denied having problems getting along with others, stated he participated in a bowling team, and chatted on social media. Again, Plaintiff requests that the court re-weigh the evidence, arguing that during his mental status evaluation on February 13, 2020, it was noted that Plaintiff had difficulty in social situations. Although there is evidence that Plaintiff had difficulty in this area, the ALJ noted this and found that his limitations in interacting with others was mild. As there is no support in the record for finding a marked or extreme limitation in this area, there is no basis for remand.

Next, the ALJ evaluated Plaintiff's ability to concentrate, persist and maintain pace, finding that Plaintiff has a moderate limitation in this area. The ALJ noted that Plaintiff was diagnosed with ADHD and placed on medication in 2018, but no longer receives any sort of treatment or medication for this condition. The ALJ also noted that Plaintiff testified that he has no issues with

5

concentration.  Plaintiff further stated in his Function Report that he is able to finish what he starts. Additionally the consultative examiner stated that Plaintiff's attention and concentration was in the average range.  The court finds no error in the ALJ's evaluation of Plaintiff's limitations in this area.

Lastly, the ALJ evaluated Plaintiff's ability to adapt or manage himself, finding that Plaintiff has a moderate limitation in this area.  The ALJ noted that Plaintiff, who was 19 at the time of his application, was obviously very reliant of his family for daily needs such as shelter, financial support, and transportation.   The ALJ also noted, however, that Plaintiff is independent in his personal hygiene, is able to do simple chores with some reminders, and is able to prepare simple meals for himself.   Plaintiff argues that he needs constant reminders to get his chores completed, that he does not do his own laundry, and that he must be reminded to take a shower. Plaintiff argues that he "functions more as an adolescent than as a young adult male".  However, it is no surprise that a 19 or 20 year old male with autism and ADHD does not yet function as a young adult[2].  He clearly has some limitations, as the ALJ noted, finding that he has moderate limitations in his ability to manage himself.  There is simply nothing in the record to compel a different result.

Additionally, the ALJ continued to analyze the record in reaching her RFC assessment, which included a detailed analysis of Plaintiff's minimal treatment history, normal exam findings, medical opinions, his activities of daily living, and his subjective complaints and symptoms.  Thus, it is clear that the ALJ sufficiently articulated and supported her analysis.

At the hearing, Plaintiff appointed his mother as his non-attorney representative.  His

---

[2] Plaintiff was born on September 25, 2000 and was 19 years old at the time of his application for benefits and 20 years old on the date the ALJ issued her unfavorable decision.

mother declined to question Plaintiff at the hearing, and stated that "he answered like I would have answered." (Tr. 74).  Now, however, Plaintiff argues that this case should be remanded on the basis of a letter that his mother sent to the Appeals Council. (Tr. 164-68).  In this letter, his mother refuted Plaintiff's testimony and his statements to the consultative examiner stating, *inter alia*, that Plaintiff needs to be told to take a shower and needs to be reminded of every detail, that he must be instructed on every step to complete his laundry, and that he requires supervision at all times. While the mother's letter indicates that Plaintiff is more limited than Plaintiff testified to, the letter is nevertheless not sufficient evidence to show that Plaintiff has marked or extreme limitations in the areas of functioning discussed above.  In any event, evidence that was not before the ALJ but instead presented to the Appeals Council cannot serve as the basis for reversal of an ALJ's decision. *Eads v. Sec'y of the Dep't of Health & Human Servs.*, 983 F.2d 815 (7th Cir. 1993); *Micus v. Bowen*, 979 F.2d 602, 606 n.1 (7th Cir. 1992). Therefore, for all of the above reasons, the decision will be affirmed.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: October 16, 2023.

s/ William C.  Lee<br>
William C. Lee, Judge<br>
United States District Court